NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-409

TEKIN ADIYAMAN

vs.

CEVZET ADIYAMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On January 10, 2025, Tekin Adiyaman (Tekin), born in Turkey and currently residing in Boston, filed a complaint for dependency pursuant to G. L. c. 119, § 39M, in the Probate and Family Court, requesting declaratory and equitable relief in the form of a decree of special findings that he was dependent on the Probate and Family Court.  Such findings are necessary to establish Tekin's eligibility to apply to the United States Citizenship and Immigration Services for special immigrant juvenile (SIJ) status under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(27)(J).[1]  One who is eligible must

---

[1]  The State court's role is not "to engage in an immigration analysis or decision."  Recinos v. Escobar, 473 Mass. 734, 738 (2016).

submit their petition before their twenty-first birthday, 8 C.F.R. § 204.11(b) (2022), which in Tekin's case will occur on June 29, 2025.

To be eligible to seek SIJ status, a noncitizen child must establish:  (1) that he or she has been declared dependent on a "juvenile court"; (2) that reunification with one or both "parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law"; and (3) that it would not be in the child's best interests to return to his or her country of nationality.  8 U.S.C. § 1101(a)(27)(J)(i)-(ii).

General Laws c. 119, § 39M (b), provides that

"Upon reviewing the petition or complaint seeking special findings, any supporting affidavits and other evidence presented, the court shall issue findings of fact and rulings of law that shall determine whether the child who is the subject of the proceeding:  (i) is dependent on the court; (ii) has suffered from abuse, neglect, abandonment or similar circumstances; (iii) may not be viably reunified with either or both parents due to abuse, neglect, abandonment or similar circumstances; and (iv) may not be returned to the child's or parent's country of nationality or country of last habitual residence because it is not in the best interest of the child.  A court making a decision under this paragraph shall be acting as a juvenile court."

"Child" is defined in § 39M to mean "an unmarried person under the age of 21."  G. L. c. 119, § 39M (a).  "[T]he Probate and Family Court has jurisdiction, under its broad equity power, over youth between the ages of eighteen and twenty-one for the specific purpose of making the special findings necessary to

2

apply for SIJ status pursuant to the INA."  Recinos v. Escobar,
473 Mass. 734, 739 (2016).  "Similar circumstances" is defined
in § 39M to mean "conditions that have an effect on the child
comparable to abuse, neglect or abandonment including, but not
limited to, the death of a parent" (emphasis added).  G. L.
c. 119, § 39M (a).

>    The findings must also

>    "be limited to the parent with whom the child claims
>    reunification is not viable due to abuse, neglect, or
>    abandonment.  Thus, where an immigrant child asserts in her
>    or his motion for special findings that reunification is
>    not viable with only one parent, the Probate and Family
>    Court shall limit its findings to that parent."

Guardianship of Penate, 477 Mass. 268, 275 (2017).

A judge of the probate and family court held a
nonevidentiary hearing in this matter, and, based on the papers,
including copies of Tekin's birth certificate and the death
certificate of his father, Cevzet Adiyaman (Cevzet), found as
facts that Tekin is an unmarried child under twenty-one years of
age, and that his father, Cevzet, died in October 2023, when
Tekin was nineteen years of age.  The judge concluded that
reunification of the child with his father is not a viable
option, and that it is not "in Child's best interest to return
to [his] parents' country of nationality or last habitual
residence of Turkey."  There is no error in those findings, and
they are affirmed.

3

The judge concluded, however, that "Nothing in Massachusetts law indicates that the death of a parent beyond the child's 18th birthday is equivalent to neglect or abandonment." Consequently, he concluded that "Child . . . has not suffered from abuse, neglect, abandonment, or similar circumstances under Massachusetts law." Solely on that basis, the judge denied the decree of special findings that Tekin is dependent on the Probate and Family Court.

As the statutes quoted above, however, make clear, that was an error. The statute explicitly defines death of a parent as a "similar circumstance" as a matter of law. Thus, the judge should have concluded that the child "has . . . suffered from abuse, neglect, abandonment, or similar circumstances under Massachusetts law." And, given that, "it follows that the child is dependent on the Probate and Family Court." Recinos, 473 Mass. at 743.

The order denying the complaint for dependency is reversed. The matter is remanded to the Probate and Family Court for entry of a decree providing the relief sought by the petitioner, and incorporating the findings and conclusions we have affirmed as well as the conclusions described in the preceding paragraph. Given the time-sensitive nature of the relief sought, the First Justice of the Suffolk Division of the Probate and Family Court

4

shall direct the Register to enter the decree forthwith, but in any event no later than May 7, 2025.  The rescript shall issue forthwith.

<div style="margin-left: 50%;">

So ordered.

By the Court (Blake, C.J., Vuono & Rubin, JJ.[2]),

*Paul Little*

Clerk

</div>

Entered:  May 2, 2025.

---

[2] The panelists are listed in order of seniority.

<div style="text-align: center;">5</div>